UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**THADDEUS L. BONDS, #97884-020,**

  Petitioner,

v.                ACTION NO. 2:25cv401

**WARDEN,
FCC PETERSBURG**

  Respondent.

## OPINION AND ORDER

Petitioner Thaddeus L. Bonds ("Bonds") brings this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging that the Bureau of Prisons ("BOP") violated his right to due process during disciplinary proceedings which resulted in the loss of 41 days of Good Conduct Time ("GCT"). Respondent filed a Motion to Dismiss the Petition or in the Alternative for Summary Judgment, (ECF No. 9), and the court provided the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), (ECF No. 12). Bonds responded, (ECF No. 13), and Respondent filed a Reply with supporting documentation, (ECF No. 18). Both parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF Nos. 11, 25, 26). For the reasons below, the court GRANTS Respondent's motion and the Petition is DISMISSED as moot.

## I. BACKGROUND

Bonds is currently serving a 168-month sentence at FCC Petersburg. Bonds' petition filed June 30, 2025, alleges a loss of 41 days GCT following proceedings on Infraction No. 3731261. Pet. (ECF No. 1, at 2). He claims there was insufficient evidence to find him guilty of the infraction

1

and raises due process challenges to the proceedings. Id. at 2-8. He seeks an Order directing the BOP to restore his GCT credits, and remove the disciplinary infraction from his record. Id. at 8. Respondent filed a Motion to Dismiss the Petition or Alternatively for Summary Judgment on September 25, 2025, ("Resp't's Mot."). (ECF No. 9). Bonds responded, contesting both the evidentiary and procedural issues raised in the Government's motion. Pet'r's Resp. to Resp't's Mot. to Dismiss & Summ. J. ("Pet'r Resp.") (ECF No. 13, at 1-4). On December 1, 2025, the Government filed its Reply, attaching the sworn declaration of Dorethea Orr, a paralegal specialist with BOP. Resp't's Reply Br. ("Resp't's Reply") Ex. 1 ("Orr Decl.") (ECF No. 18-1). The Government contends that Bonds' Petition is now moot, as the disciplinary sanction he contests has been vacated and the proceedings were remanded for an additional hearing by the institution's Disciplinary Hearing Officer ("DHO"). Resp't's Reply (ECF No. 18, at 1-2); Orr Decl. ¶ 5 (ECF No. 18-1, at 2).

## II. ANALYSIS

**A.    The court may consider matters outside of the pleadings because there is a factual challenge to subject-matter jurisdiction, and Respondent filed an Alternative Motion for Summary Judgment.**

Respondent brought a Motion to Dismiss the Petition and Alternative Motion for Summary Judgment, (ECF No. 9). According to the Fourth Circuit, "[c]hallenges to subject-matter jurisdiction can be presented either facially or factually." Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc., 892 F.3d 613, 620–21 (4th Cir. 2018) (citing Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). Here, Respondent brings a factual challenge, asserting that the jurisdictional facts in the Complaint are not true because federal courts only have jurisdiction over "cases or controversies," and the BOP already granted the remedy Petitioner is seeking. Mem. Supp. Resp't's Mot. to Dismiss & Summ. J. ("Resp't's Mem.") (ECF No. 10, at 5). When there

is a factual challenge under Rule 12(b)(1), the court can "consider the evidence beyond the scope of the pleadings to resolve factual disputes concerning jurisdiction." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). In addition, Petitioner was advised of his right to oppose the Motion and submitted both a Response in opposition, (ECF No. 13), and additional pleadings after the Response, (ECF Nos. 19, 22), all of which the court has considered. Accordingly, for purposes of determining the alleged mootness of the Petition, the court will consider the Declaration of Dorothea Orr that Respondent filed with his Response, and the additional facts Petitioner alleged in his supplemental filings.

B.  **The Petition is moot because the BOP vacated the sanction and remanded for additional proceedings before the DHO.**

Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. CONST. art. III, § 2, cl. 1. Federal court jurisdiction requires an ongoing case or controversy throughout all stages of the proceedings. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). A moot action does not qualify as an "active case or controversy." Watson v. INS, 271 F. Supp. 2d 838, 839 (E.D. Va. 2003) (quoting Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1977)); Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974))). A case where parties "lack a legally cognizable interest in the outcome" is moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). Further, a case can become moot due to a change in the facts or law. J.W. v. Knight, 452 F. App'x 411, 414 (4th Cir. 2011) (citing Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983)). Here, a change in facts has rendered the case moot.

At the time Bonds filed his Petition on June 30, 2025, he complained of the loss of 41 days GCT as a result of allegedly deficient proceedings in Infraction No. 3731261. Pet. (ECF No. 1, at 2). However, as the Government's Reply makes clear, Bonds' sentence no longer reflects the loss of this credit. Resp't's Reply (ECF No. 18, t 1-2). These disciplinary proceedings have been reopened, and he has obtained the relief he sought by this Petition. Orr Decl. ¶ 6 (ECF No. 18-1, at 2) (confirming remand of Incident Report No. 3731261 and removal of the discipline previously imposed).

Federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."). Since filing this Petition, Bonds received new proceedings and the restoration of GCT, and an appropriately adjusted estimated release date. See Orr Decl. ¶¶ 5-7 (ECF No. 18-1, at 2). Bonds remains incarcerated at this time, but his release date is now February 23, 2027. Orr Decl. Attach. 1 (ECF No. 18-2, at 3). Thus, his Petition has been rendered moot by the restoration of previously lost GCT, and the recommencement of challenged proceedings. See Alvarez v. Conley, 145 F. App'x 428, 429 (4th Cir. 2005).

Respondent served his Motion to Dismiss the Petition, (ECF No. 9), his Memorandum Supporting his Motion to Dismiss, (ECF No. 10), his Reply (ECF No. 18), and the Orr Declaration, (ECF No. 18-1), on Petitioner. Additionally, the court served Petitioner a Roseboro Notice, (ECF No. 12), as is required for pro se plaintiffs by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

In response to the Reply and the Orr Declaration, Bonds filed both a Motion for Temporary Restraining Order ("TRO"), (ECF No. 19), and a later Motion for Leave to Amend Motion for TRO, (ECF No. 22). The Government's response to both these motions confirmed that the

discipline challenged in this action has been vacated and contrary to Bonds' claims, he is not being punished again for the same conduct. See Resp't's Opp'n to Pet'r's Req. TRO (ECF No. 20, at 4-6); Resp. to Pet'r's Mot. Leave File Am. TRO Mot. & Am. Suppl to Pet. Writ Habeas Corpus (ECF No. 24, at 3-5).

Petitioner's proffered supplemental filings seek leave to amend his Petition, and request injunctive relief to halt the remand and rehearing on his disciplinary charge.[1] He asserts that a rehearing would constitute a third hearing on the same conduct—citing his DHO statement which refers to a 41-day GCT penalty for an incident arising while Bonds was housed at FCI Jesup. Orr Decl. ¶¶ 5-6 (ECF No. 18-1, at 2); Pet'r's Am. Mot. TRO & Prelim. Inj. & Am. Suppl. to Pet. Writ Habeas Corpus (ECF No. 22-1, at 2). But the incident he cites is not the same incident challenged in the present Petition, and though similar factually, is separately addressed in Bond's disciplinary record. Orr. Decl. Attach. 2 (ECF No. 18-2, at 7) (confirming Bonds lost 41 days GCT for Incident No. 3850301). The incident specifically challenged in this Petition remains pending, and no discipline has been imposed as a result of the prior proceedings. Orr. Decl. Attach. 3 (ECF No. 18-2, at 9) (referring to pending Incident Report No. 3731261).

Because Bonds' requests for relief in this Petition have been rendered moot by the BOP's action, he has no legally cognizable interest in the outcome of this case. The case is moot, and thus this court lacks jurisdiction. In addition to vacating the previously imposed penalty, if additional proceedings are conducted, those proceedings would necessarily be the subject of any future challenge by Bonds to BOP action.[2]

---

[1] For the reasons described in this Opinion and Order, the court terminates both these supplemental filings as moot, but the facts Bonds alleged and the arguments he asserted have been considered in arriving at the disposition.

[2] Prisoners are "entitle[d] . . . to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to [e]nsure that the . . . right is not arbitrarily abrogated." Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Specifically, due process requires that a prisoner subject to a loss of GCT receive (1) written notice of the charges; (2) a neutral and detached hearing body; (3) an opportunity to present evidence, call witnesses, and have non-attorney representation when appropriate, and, (4) a written explanation of the evidence relied upon and the reasons

5

## III. CONCLUSION

For the foregoing reasons, it is ORDERED that Respondent's Motion to Dismiss or in the Alternative for Summary Judgment, (ECF No. 9), is GRANTED, and the Petition (ECF No. 1) is DISMISSED as moot. It is further ORDERED that Petitioner's Motion for Temporary Restraining Order, (ECF No. 19), and Motion for Leave to Amend Temporary Restraining Order, (ECF No. 22), are TERMINATED AS MOOT.

/s/ \
Douglas E. Miller \
United States Magistrate Judge

DOUGLAS E. MILLER \
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

January 29, 2026

---

for the decision. Crawley v. Wilson, No. 2:11-cv-542, 2012 WL 2505118, at *4 (E.D. Va. May 16, 2012) (cleaned up).